UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS B. VAN HORN,<br><br>    Plaintiff,<br><br>    v.<br><br>TAMERA EARL, et al.,<br><br>    Defendants. | No.  1:25-cv-01213-SAB (PC)<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DEFENDANT'S MOTION TO REVOKE PLAINTIFF'S IN FORMA PAUPERIS STATUS BE DENIED<br><br>(ECF No. 23) |

Plaintiff is proceeding pro se and in forma pauperis in this action filed pursuant to 42 U.S.C. § 1983.

Currently before the Court is Defendants' motion to revoke Plaintiff's in forma pauperis status based on his release from custody, filed May 18, 2026.  (ECF No. 23.)

**I.**

**BACKGROUND**

This action is proceeding Plaintiff's Eighth Amendment deliberate indifference to serious medical needs against Nurse Tamera Earl and Doctor Sergio Rodriguez.

Defendants filed an answer to the complaint on March 24. 2026.  (ECF No.  16.)

On March 31, 2026, the Court issued the discovery and scheduling order.  (ECF No. 17.)

On May 18, 2026, Defendants filed the instant motion to revoke Plaintiff's in forma

pauperis status based upon his release from state custody.  (ECF No. 23.)  Plaintiff did not file an opposition and the time to do so has passed.  Local Rule 230(l).

## II.

## DISCUSSION

Defendants argue that during the pendency of this litigation, Plaintiff was released from incarceration. Due to a change in circumstances, including Plaintiff's release from prison and potential changes regarding his sources of income, the Court should revoke Plaintiff's prisoner in forma pauperis (IFP) status and order him to pay the full filing fee in this action.  (ECF No. 23.)

At the time Plaintiff filed the instant action he was incarcerated at Pleasant Valley State Prison.  (ECF No. 1.)  However, Plaintiff was subsequently released from custody as is evident from the filing of his notices of change of address on April 13, 2026, and April 24, 2026.  (ECF Nos. 21, 22.)

Under the Prison Litigation Reform Act (PLRA), a prisoner who "brings a civil action or files an appeal in forma pauperis ... shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1).  However, circuit courts are split on whether the PLRA continues to apply after the prisoner is released during litigation. See Carson v. Tulsa Police Dep't, 266 F. App'x 763, 766-67 (10th Cir. 2008) (describing split in authority); see also Domino v. Garland, 2021 WL 1221188, at *1 (D. Minn. Apr. 1, 2021).

The Second, Fourth, and Sixth Circuits have held that, under the PLRA, "a prisoner is obligated to pay assessed fees and costs only while he or she remains incarcerated" and "[a]fter release, the obligation to pay the remainder of the fees is to be determined solely on the question of whether the released individual qualifies for pauper status." In re Prison Litig. Reform Act, 105 F.3d 1131, 1139 (6th Cir. 1997); see also McGann v. Comm'r, Soc. Sec. Admin., 96 F.3d 28, 29-30 (2d Cir. 1996); DeBlasio v. Gilmore, 315 F.3d 396, 397 (4th Cir. 2003).  In contrast, the Fifth, Seventh, and D.C. Circuits hold, based on the plain language of § 1915(b)(1), that a plaintiff must pay the full amount of the filing fee if the plaintiff was a prisoner when the action was commenced. See Gay v. Tex. Dep't of Corr. State Jail Div., 117 F.3d 240, 241-42 (5th Cir. 1997); Robbins v. Switzer, 104 F.3d 895, 897-99 (7th Cir. 1997); In re Smith, 114 F.3d 1247, 1251

2

(D.C. Cir. 1997).

As stated by the Eighth Circuit, "the PLRA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal." In re Tyler, 110 F.3d at 529-30; see also Counts v. Missouri, 2025 WL 812276, at *3 (E.D. Mo. Mar. 13, 2025) (stating that, in light of the Eighth Circuit's decision in Tyler, the 1983 plaintiff was "responsible for the entire [filing] fee because the full fee was assessed against him prior to his release from custody"); McFee v. Minnesota, 2012 WL 514708, at *3 n.5-6 (D. Minn. Jan. 24, 2012), report and recommendation adopted, 2012 WL 512611 (D. Minn. Feb. 15, 2012) (recognizing that the plaintiff must pay the filing fee, despite having been released from custody before the court ruled on the motion for IFP); Williams v. Doe #1, 2006 WL 3804027, at *1 n.1 (E.D. Mo. Nov. 7, 2006) (noting "§ 1915(b)(1) continue[d] to apply" despite litigant's release).

Here, even though he was released from custody during the pendency of this action, because the filing attaches at the time of filing the complaint and deduction from a prison account simply provides the means for such payment, the Court finds the proper avenue is to apply the plain language of the PLRA rendering Plaintiff liable for the § 1915 filing-fee requirement. See 28 U.S.C. § 1915(b)(1).[1] Accordingly, Defendant's motion to revoke Plaintiff's in forma pauperis should be denied.

### III.

### RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that Defendants' motion to revoke Plaintiff's in forma pauperis status be DENIED.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with this Findings and Recommendation, the parties may file written

---

[1] The Court acknowledges its prior decision in Towsend v. Rendon, Case No. 1:21-cv-01120-DAD-SAB (PC), which held that if a prisoner is released during the pendency of the action, he must either pay the filing fee in full or submit a complete application to proceed in forma pauperis by a non-prisoner; however, upon further review of the case law addressing the issue, and the lack of binding Ninth Circuit authority, the Court finds the holding in Townsend to be inapplicable hereinafter.

objections with the Court, limited to 15 pages in length, including exhibits.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:    **July 6, 2026**

STANLEY A. BOONE
United States Magistrate Judge